REDMANN, Judge,
concurring.
The culprit in this litigation is the one who misrepresents what occurred when Adams for plaintiff met with the Jenkinses at their house to inspect the custom-made cabinetry. Adams swears that he offered to correct the defects and the Jenkinses ref us *719 ed to let him do so; the Jenkinses swear that Adams said there were no defects and he refused to do anything. We are not in a position to second-guess the trial judge on credibility.
There were obvious defects, such as the glaring difference in height of two visible, abutting hinges on two cabinet doors (shown in a photograph in evidence) and an admitted error “where the utility bowl goes in the cabinet that was laid out wrong.” One who placed those hinges so far off measure very likely would have made other mismeasurements and his eye would equally likely not have noticed those mismeasure-ments. Defendants did not establish (or even attempt to establish) that equally gross defects were so pervasive as to justify their refusal to allow plaintiff reasonable opportunity to correct the defects. Defendants should have allowed plaintiff that opportunity, and the trial judge resolved contradictory evidence to conclude that they did not do so.